HARRY L. B. NOAD, Appellant, *v.* CANADIAN PACIFIC RAILWAY COMPANY, Respondent.

*False imprisonment — when the proof does not connect the defendant with the plaintiff's arrest.*

In an action to recover damages for false imprisonment, it appeared that a warrant for the arrest of the plaintiff for theft was issued by a magistrate in the city of Montreal, Canada, on the application of the defendant; that some four months thereafter the plaintiff was arrested in the city of Brooklyn by a policeman upon a Canadian warrant (which was not shown to be the warrant issued upon the defendant's application) and was subsequently discharged; that he was thereafter arrested by a United States marshal in extradition proceedings and after a hearing was again discharged.

*Held,* that the record failed to disclose any evidence connecting the defendant with the arrest of the plaintiff.

APPEAL by the plaintiff, Harry L. B. Noad, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of March, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the New York Trial Term.

*I. Newton Williams,* for the appellant.

*W. J. Townsend,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for false imprisonment. At the close of the trial, on motion of the defendant's counsel, an order was made dismissing the complaint on the merits, and from the judgment entered thereon the plaintiff has appealed.

Upon the trial it appeared that some time between February 18 and March 4, 1896, a pay car of the defendant was robbed in the Dominion of Canada of $5,550; that the plaintiff was suspected of having stolen the money, and on the application of the defendant a warrant for his arrest was issued by a magistrate of the city of Montreal, in the Dominion of Canada. It did not appear what was done with that warrant, or what subsequently became of the criminal

proceedings thus instituted.   It did appear that early in July of the same year, while the plaintiff was in the city of Brooklyn, in this State, one O'Brien, a member of the police force of the city of New York, received at police headquarters a Canadian warrant issued for the arrest of the plaintiff, but it did not appear whether it was the warrant issued upon the application of the defendant or not. O'Brien went to the city of Brooklyn by the direction of a captain of the police force of the city of New York, and arrested the plaintiff.   Upon what warrant such arrest was made did not appear, and inasmuch as a legal arrest could not have been made under the Canadian warrant, there certainly is not, in the absence of proof to the contrary, any presumption that he was taken into custody by virtue of it.   After the plaintiff's arrest, he was taken to police headquarters where he remained until the thirteenth of July, when he was taken before a magistrate and discharged, without an examination.   He was subsequently rearrested by a United States marshal in extradition proceedings, and after a hearing had therein, he was again discharged.

The record fails to disclose any evidence connecting the defendant either directly or indirectly with the issue of the warrant delivered to O'Brien, or the arrest made by him, or with the arrest in extradition proceedings.   This being the condition of the evidence at the close of the trial, the trial court could do nothing but grant the defendant's motion to dismiss the complaint.   Before one can be subjected to damages for false imprisonment, proof must be presented from which a jury can find that the arrest was caused by the one from whom the damages are sought, or that such person had something to do, or was connected in some way with the imprisonment.

If follows, therefore, that the judgment appealed from must be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.